Receipt number 9998-5151856

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PLAINTIFF NO. 1 | |
| PLAINTIFF NO. 2 | Civil Action No. _____ 19-94 C |
| PLAINTIFF NO. 3 | |
| PLAINTIFF NO. 4 | **COMPLAINT FILED IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

Now come the Plaintiffs, on behalf of themselves, and a class of all other individuals similarly situated ("the others"), and allege as follows:

### INTRODUCTION

1.     Plaintiffs bring this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA"), as individuals, and on behalf of the others, all of whom are presently employed by Defendant United States of America ("Defendant"), but are not being paid.  Plaintiffs and the others are employed by Defendant as essential and excepted employees who are non-exempt from the provisions of FLSA, and who have been required by Defendant to perform their regular duties for Defendant without being paid for their labors on their regular paydays, or at all, commencing December 22, 2018, to date, in knowing and willful violation of FLSA.  Plaintiffs allege, assert and maintain that they and the others are entitled to recover liquidated damages herein under FLSA for all regular hours they have worked since December

22, 2018, for which they have not been paid on their regular paydays, at the rate of $7.25 (the Federal minimum wage), for each regular hour they worked during each regular 80 hour pay period, and corresponding work weeks, as well as an amount equivalent to the FLSA overtime pay they were entitled to receive from Defendant under FLSA for any overtime work performed during such periods, for which they were not paid on their regular paydays, or at all, commencing December 22, 2018, and continuing thereafter to date.

2.      The plaintiffs and the others all are exempted from participating in Federal employee collective bargaining under 5 U.S.C. § 7103, and several Executive Orders, because of their sensitive law enforcement and intelligence related duties.  They are employed by federal agencies such as the Federal Bureau of Investigations ("FBI"), the United States Secret Service ("USSS") and its Uniformed Division, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the Drug Enforcement Administration ("DEA").  They occupy positions such as Investigative Specialist, in Occupational Series GS-1801, Physical Security Specialist, in Occupational Series GS-080, Industry Operations Investigator, in Occupational Series 1801 and Intelligence Research Specialist, in Occupational Series GS-0132.

3.      Plaintiffs, and the others, desire anonymity in connection with their participation in this litigation, and seek to litigate this case under seal, in light of the sensitive nature of the duties they perform for Defendant, and the need for their identities not to be disclosed and made public in this litigation, or otherwise, as is more fully set forth in Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs and Putative Class members to File their Claims Anonymously, which is being filed simultaneously herewith.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28

U.S.C. §§ 1346(a)(2), 1491(a)(1), and 29 U.S.C. § 216(b).

5.      Venue is proper under 28 U.S.C. § 1491(a)(1).

6.      Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202, to issue the

declaratory judgments sought herein, in that actual controversies exist between the Plaintiffs and

the others, and Defendant, regarding actions and failures to act by Defendant in violation of

FLSA.

7.      Plaintiffs assert that the violations by Defendant of FLSA alleged herein are

willful within the meaning of 29 U.S.C. § 255. Defendant was on express notice of this Court's

decision in *Martin v. United States*, 117 Fed. Cl. 578 (2017), ("*Martin*"), in which this Court

held that Defendant's failure to pay approximately 24,000 of its excepted employees "on time,"

in connection with a prior governmental shutdown in 2013 violated the FLSA.  Indeed,

Defendant is presently engaged in determining, jointly with the plaintiffs in *Martin*, the amounts

of its liability for liquidated damages to the plaintiffs therein for FLSA violations in all relevant

respects identical to those alleged herein. Defendant thereby had express notice that its violations

alleged herein were patently unlawful, and it engaged in these violations nonetheless, as alleged

herein, in reckless disregard of its obligations to comply with its own existing laws and

regulations.  *See e.g.*, 5 C.F.R. § 551.104, re "willfulness."  Accordingly, Plaintiffs assert that the

statute of limitations applicable to the violations alleged herein is three years, and Plaintiffs seek

a declaratory judgment to such effect.

8.      In addition, for the same reason, and others, Defendant is incapable of proving

that its failure to pay Plaintiffs and the others, in a timely manner was in good faith and that it

had reasonable grounds for believing that its acts or omissions were not in violation of FLSA, as required under 29 U.S.C. § 260.

## THE PARTIES

9.     Defendant is the Government of the United States, and is an "employer" and "public agency" within the meaning of 29 U.S.C. §§ 203(d) and (x).

10.     Plaintiffs Nos. 1 through 4 are essential and excepted employees of Defendant who are non-exempt under the FLSA, and are exempted from participating in Federal employee collective bargaining, as alleged herein.

11.     Plaintiffs have given their written consents to be parties to this action pursuant to FLSA, 29 U.S.C. § 216(b). Their written consents, containing each Plaintiff's name, address and signature, will be filed herein under seal after the granting by this Court of Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs and Putative Class Members to File Their Claims Anonymously which is being filed with the Court simultaneously with this Complaint.

12.     The amounts of liquidated damages due and owing to Plaintiffs and the others, are capable of being computed based upon the number of regular hours they were employed by Defendant in pay periods and hours for which they were not paid by Defendant in a timely manner, i.e., on their regular paydays, times $7.25, which is the Federal minimum hourly wage, and the amount of FLSA overtime pay they were entitled to and will receive when they receive the back pay due them from Defendant for any overtime work they performed during the current 2018 – 2019 governmental shutdown.

## COUNT ONE

### FAILURE TO PAY THE MINIMUM WAGES AND OVERTIME PAY DUE TO ESSENTIAL EMPLOYEES SUCH AS PLAINTIFFS AND THE OTHERS CLASSIFIED AS NON-EXEMPT FROM THE FLSA MINIMUM WAGE AND OVERTIME PROVISIONS AS REQUIRED UNDER THE FLSA

13.     Plaintiffs incorporate herein the preceding paragraphs of this Complaint, as if fully set forth herein.

14.     Defendant failed to pay minimum wages and overtime compensation to its essential and excepted employees classified as non-exempt from the FLSA overtime provisions such as the Plaintiffs, and the others, on their regularly scheduled paydays commencing December 22, 2018.

15.     Defendant's violations of FLSA alleged herein were willful, entitling plaintiffs and the others to a three-year statute of limitations in which to file their claims as alleged herein.

16.     The position of the Defendant in this litigation is not substantially justified, and there are no special circumstances that would make an award of attorneys' fees, costs and expenses unjust for the purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

17.     Employment, time, work, pay, and other records relating to Plaintiffs and the others are in the possession, control, and custody of Defendant and its officers and agents, and Plaintiffs are unable to state at this time the exact amount of liquidated damages which are due and owing to each of them and the others with respect to their individual claims. Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations, to maintain and preserve payroll and other employment records from which the amounts of Defendant's liability to Plaintiffs and the others may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a)      Issue an order requiring Defendant to notify all of its employees employed within the covered class described herein of their right to join as plaintiffs in this civil action under the FLSA; and

b)      Issue declarations pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that (1) by failing to pay the named plaintiffs and the others the minimum wages and overtime compensation that they were due and entitled to receive under FLSA, but did not receive on their regular paydays, Defendant was, and continues to be in violation of the FLSA; and (2) that such violations were willful within the meaning of 29 U.S.C. § 255, so that the statute of limitations applicable to plaintiffs' claims and Defendant's violations is three years; and

c)      Order Defendant to conduct a full, complete and accurate accounting of the minimum wages and overtime pay that the named plaintiffs and the others earned, but were not paid on their regular pay days, commencing December 22, 2018, to date, and thereafter, in order to remedy such violations of FLSA; and

d)      Issue a call pursuant to 28 U.S.C. § 2507, requiring Defendant to produce information and records establishing Defendant's liability herein; and

e)      Issue a notice to all others as is proposed and provided for in Plaintiffs' Motion for Conditional Certification and Notice which will be filed, hereafter; and

f)      Award plaintiffs, and the others, liquidated damages under FLSA in an amount equal to the minimum wages and overtime compensation they did not receive, but were entitled and required to receive, on their regularly scheduled paydays, under FLSA; and

g)      Award Plaintiffs reasonable attorneys' fees, costs and expenses to be paid by

Defendant under FLSA, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

h)      Grant to the named plaintiffs and the others such other relief as the Court deems

just and proper.

                                        Respectfully submitted,


                                        **/s/Jules Bernstein**
                                        Jules Bernstein (Counsel of Record)
                                        BERNSTEIN & LIPSETT, P.C.
OF COUNSEL:                             1130 Connecticut Avenue, N.W., Suite 950
                                        Washington, D.C.  20036
Linda Lipsett                           (202) 296-1798
Michael Bernstein                       (202) 496-0555 facsimile
BERNSTEIN & LIPSETT, P.C.               chouse@bernsteinlipsett.com
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C.  20036
(202) 296-1798
(202) 496-0555 facsimile
llipsett@bernsteinlipsett.com
mbernstein@bernsteinlipsett.com         *Attorneys for Plaintiffs*

Daniel M. Rosenthal
Alice Hwang
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
achwang@jamhoff.com


Dated: January 17, 2019

## CERTIFICATE OF SERVICE

Pursuant to the Rules of the United States Court of Federal Claims, Rule 4, service of this complaint on Defendant United States of America will be effectuated by the clerk of the court.


Respectfully,

***s/ Jules Bernstein***
Jules Bernstein

January 17, 2019