IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PLAINTIFF NO. 1, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 19-94C |
| | ) | (Judge Campbell-Smith) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' MOTION TO CONSOLIDATE**

Defendant, the United States, respectfully submits this response to plaintiffs' motion to consolidate cases, Dkt. No. 9. On January 17, 2019, plaintiffs filed a notice of directly related cases, for *Justin Tarovisky et al. v. United States,* No. 19-4C, and *Eleazar Avalos et al. v. United States*, No. 19-48C. Dkt. No. 4. In their February 5, 2019 motion to consolidate, plaintiffs requested consolidation of this case with *Tarovisky*, No. 19-4C and *Avalos*, No. 19-48C, as well as seven other cases:

1. *D.P. et al. v. United States*, 19-54C;

2. *L. Kevin Arnold et al. v. United States*, No. 19-59C;

3. *Roberto Hernandez et al. v. United States*, No. 19-63C;

4. *Tony Rowe et al. v. United States*, No. 19-67C;

5. *I.P. et al. v. United States*, No. 19-95C;

6. *Lori Anello et al. v. United States*, No. 19-118C; and

7. *Brian Richmond et al. v. United States*, No. 19-161C.

Dkt. No. 9 at 1.

Plaintiffs describe each of the plaintiffs in these 10 cases: (1) "are alleged to be employees of [defendant], and are considered 'essential' and/or 'excepted' by their respective

federal agencies"; (2) are non-exempt from the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; (3) were required to work during the lapse in appropriations that occurred between December 22, 2018 and January 25, 2019, without payment on their regularly-scheduled paydays; and (4) are entitled to receive FLSA liquidated damages due to the defendant's failure to pay on their regularly-scheduled paydays. Dkt. No. 9 at 1-2. Plaintiffs assert that consolidation would avoid unnecessary "costs and duplication of effort by requiring the parties and their counsel to work together cooperatively to resolve this litigation, which may involve tens of thousands of Defendant's employees." *Id.* at 2. In addition, plaintiffs request that, after consolidation, counsel in the consolidated cases be ordered to choose a proposed lead counsel, or, if the respective counsels cannot reach agreement, should file jointly or individually status reports with the Court to propose lead counsel. *Id*. at 3.

      We agree that these 10 cases should be consolidated, and that two additional cases also warrant consolidation, as we previously requested with the Court: *Joseph Abrantes et al. v. United States*, No. 19-129C, and *Quentin Baca et al. v. United States*, No. 19-213C. Dkt. No. 13 (defendant's notice of related cases and motion to consolidate). *Baca* was filed after plaintiffs' filed their motion to consolidate, and fits squarely within plaintiffs' listed reasons for consolidation. *See Baca*, No. 19-213C, Dkt. No. 1 (complaint filed February 6, 2019). Plaintiffs excluded *Abrantes* from their motion to consolidate, however, presumably because it seeks relief pursuant to the Border Patrol Agent Pay Reform Act (BPAPRA), 5 U.S.C. § 5550, and the Back Pay Act, 5 U.S.C. § 5596, rather than relief under the FLSA. *See Abrantes*, No. 19-129C, Dkt. No. 1, at ¶¶ 1-2, 17, 28-34. In addition, *Abrantes* is the only case that asserts constitutional claims, alleging violations of the Fifth Amendment's due process component and of the

Thirteenth Amendment.  *Id*. at ¶¶ 35-48.  As we explain, *Abrantes* should also be consolidated with all of these related cases.  *See* Dkt. No. 13 at 3-7.

Due to the directly-related nature of these cases, and in the interest of judicial economy, all 12 cases should be consolidated rather than only the 10 cases requested by plaintiffs.  "It is within the Court's 'broad discretion' to order consolidation of cases.  Two inquiries are required to determine whether consolidation should be granted.  First, whether a 'common question of law or fact' exists in both cases.  Second, whether considerations regarding 'the interest of judicial economy' outweigh 'the potential for delay, confusion and prejudice that may result from consolidation.'"  *AT&T Corp. v. United States,* 69 Fed. Cl. 547, 548 (2006) (citations omitted).  For these 12 cases, both inquiries are answered in the affirmative.

First, each case is directly related due to their "common questions of law and fact."  In each of the 12 cases, plaintiffs allege that they: (1) are employees of the United States; (2) were deemed "excepted" from the lapse in appropriations that occurred December 22, 2018 through January 25, 2019; (3) were therefore required to work for at least some portion of the lapse in appropriations; and (4) were not paid on their regularly scheduled paydays.  In addition, plaintiffs in the 12 cases each seek the same relief, comprised of: (1) a collective action comprising Federal employees who worked but were not paid during the lapse in appropriation; (2) notice sent to these prospective plaintiffs; (3) damages; and (4) attorney fees and costs.  *See* Dkt. No. 13 at 2-6.  *Abrantes*, while requesting damages from a statute other than the FLSA, does so based on the same set of facts and based upon the same legal theory—*i.e.* late payment of wages stemming from the lapse in appropriations—as do the other 11 cases.  *See, e.g., Abrantes*, No. 19-129C, Dkt. No. 1 ¶ 40.  Because these 12 cases all involve the same facts and the same essential legal theory, they should be consolidated.

Second, "the interest in judicial economy" outweighs the potential for delay, confusion, or prejudice. Indeed, without consolidation of all 12 cases, the potential for delay, confusion, and prejudice is increased. As a practical matter, if these cases were each to proceed individually, 12 different plaintiffs' counsel will separately seek the Court to rule on virtually identical motions, including prospective motions to certify a collective action—which is comprised of the same set of Federal employees—and motions regarding appropriate notice of a collective action. Federal agencies would also be required, in each case that the Court certifies as a collective action and requires notice, to either provide multiple notices electronically or to provide information on their employees to multiple plaintiffs' counsel. Further, proceeding individually would result in prospective plaintiffs receiving multiple notices for essentially the same case, which has high potential to cause confusion amongst those individuals regarding which lawsuit to join, and thus likely resulting in delay and potential prejudice. It would also create a high likelihood of many plaintiffs opting into multiple different cases. Proceeding with each case individually would unnecessarily and exponentially increase attorney fees awarded to plaintiffs' counsel for virtually identical, overlapping work. Furthermore, if only 10, or 11, cases were consolidated, these same practical considerations would remain at issue. Because the potential for confusion, delay, and prejudice and waste of scarce judicial and party resources is extremely high if these 12 cases were to proceed individually, they should be consolidated.

Plaintiffs also request that "counsel in the consolidated cases be ordered to file, as soon as possible, a status report in which they may propose the appointment of interim lead counsel, as well as any other procedures for the efficient handling and litigating of these cases in light of their similarities. If no agreement is reached by such counsel, they should individually, or jointly, file status reports with the Court, which will propose the same." Dkt. No. 9 at 3. We do

not take a position on how the Court should proceed with respect to determining counsel in the consolidated cases. Previously, however, we respectfully suggested that the Court either order formation of a plaintiffs' committee, which may then determine a single point of contact for both the Court and defendant, or alternatively, that the Court appoint a lead counsel for the consolidated cases who will represent the interests of each of the plaintiffs' counsel to the Court and to defendant. Dkt. No. 13 at 6-7; *see also L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995) ("A district court has the inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'").

## CONCLUSION

Accordingly, defendant respectfully requests that, rather than provide the plaintiffs with their requested relief, the Court consolidate the 12 cases identified above and in Dkt. No. 13, and order one point of contact for the consolidated cases.

|  | Respectfully submitted, |
|---|---|
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
|  | /s/ Erin K. Murdock-Park<br>ERIN K. MURDOCK-PARK<br>ANN C. MOTTO<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel:   (202) 616-3753<br>Fax:  (202) 514-8624 |
| Dated: February 19, 2019 | Attorneys for Defendant |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 19th day of February, 2019, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE" was filed electronically. This filing was served electronically to all parties by virtue of the court's electronic filing system.

   /s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK