# In the United States Court of Federal Claims

No. 19-94C

(E-Filed: August 7, 2019)

|  |  |
|---|---|
| PLAINTIFF NO. 1, <u>et al.</u>, | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

<u>ORDER</u>

On July 9, 2019, plaintiffs filed a motion for leave to file a third amended complaint.  <u>See</u> ECF No. 52.  Therein, plaintiffs state that a third amended complaint is necessary in order to accommodate "some minor changes that make the complaint more well-organized and precise, along with a more substantive change that deserves the court's attention."  <u>Id.</u> at 1.  The substantive change to which plaintiffs refer is the addition of a claim for certain liquidated damages not covered by the earlier versions of their complaint.  <u>Id.</u> at 1-2.

Pursuant to Rule 15(a)(2) of the Rules of the United States Court of Federal Claims, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The United States Court of Appeals for the Federal Circuit has noted that amendment should be "liberally allowed," absent any "apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  <u>A & D Auto Sales, Inc. v. United States</u>, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Here, defendant does "not believe that plaintiffs are acting in bad faith or with dilatory motive," and does not claim the amendment would be futile.  ECF No. 55 at 4.  Nevertheless, defendant opposes the motion, arguing that: (1) defendant "will be prejudiced because its currently pending renewed motion to dismiss will become moot

and [it] will be required to file yet another renewed motion to dismiss in this case, while simultaneously preparing 13 replies" in support of motions to dismiss in directly related cases, id.; (2) defendant "will be especially prejudiced if [it must respond to the third amended complaint] within the two weeks allowed under the Court's rules to respond to an amended complaint," id. at 5; (3) defendant prefers to file all replies in the related cases at the same time "to allow defendant the opportunity to consider all of the responses and to prepare comprehensive briefing for the Court," id.; and (4) defendant predicts that plaintiffs in the other related cases may seek to amend their complaints after reviewing plaintiffs new claims in this case, id. at 6.  Defendant then states that:

> If the Court would be inclined to allow plaintiffs [in the related cases] to amend their various complaints, we respectfully propose that the Court suspend further briefing on the currently pending motions to dismiss in all of the cases and establish a deadline by which all plaintiffs must file any amended complaints, and we will start anew the briefing of the Government's motions to dismiss.

Id. at 6.

Plaintiffs argue, in reply, that any pressure created on defendant's counsel's schedule can be alleviated by allowing defendant an extended period of time in which to respond to the third amended complaint.  See ECF No. 59 at 2.  In addition, plaintiffs contend that they have not unduly delayed the proposed amendment, as the case was filed only six months ago.  See id.  And finally, according to plaintiffs, allowing the amendment now will avoid any statute of limitation concerns that could arise in the future, and will prevent piecemeal litigation.  See id. at 3.

After careful consideration of the parties' arguments, the court has concluded that the ends of justice will be served by allowing plaintiffs' amendment to avoid piecemeal litigation of their claims.  Defendant's opposition is primarily based on the prejudice it believes it will suffer if it is made to file a third motion to dismiss, and to litigate related cases on different schedules.  The court understands defendant's frustration with the repeated amendments, and will set a date on which it will proceed to consider defendant's motion to dismiss.  The court notes, however, that while many of the cases related to this matter have motions to consolidate pending, the cases have not in fact been consolidated.  The court is not insensitive to the crush of defendant's counsel's work, but the court can only rule based on the considerations present in this case.

Accordingly, plaintiffs' motion for leave to file a third amended complaint, ECF No. 52, is **GRANTED**.  Plaintiffs shall **FILE** their **third amended complaint**, on or before **August 16, 2019**, as a separate docket entry in this matter.  Thereafter, no amendments will be considered—absent truly extraordinary circumstances—until after

defendant's motion to dismiss is resolved.  In turn, defendant's motion to dismiss, ECF No. 43, is **DENIED** as moot.  Defendant shall **FILE** its **second renewed motion to dismiss**, on or before **September 6, 2019**.  If additional time is needed, the court expects the parties to agree to a reasonable extension of time, and to file a joint motion seeking that extension.

The court also takes this opportunity to draw to the parties' attention information related to the forthcoming changes to the court's electronic filing system.  In order to facilitate the installation of NextGen, the court's updated electronic case filing system, electronic filing will be **suspended** for everyone—attorneys and court users—from 12:00 p.m. on Friday, August 23, 2019, through 6:00 a.m. on Monday, August 26, 2019.  Although the clerk's office will be open on August 23, 2019, it will be deemed inaccessible under Rule 6 of this court's rules for purposes of calculating deadlines.

Additionally, all attorneys must have an individual, upgraded PACER account before August 26, 2019.  Without the updated account, attorneys risk being temporarily locked out of the system.  Information on how to register for a PACER account or upgrade an existing PACER account is available on the court's website at http://www.uscfc.uscourts.gov/cmecf_nextgen.  The court's CM/ECF Help Desk is available to help with any questions, and can be reached at (202) 357-6402/03.

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith_____
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge